UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON BANKS, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01563-LJM-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

The petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions are unconstitutional. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

The petitioner, by counsel, filed a summary motion to vacate. The petitioner's counsel has since withdrawn, and the petitioner was given a lengthy period to file a brief in support of his summary motion to vacate. The deadline has passed, and the petitioner has failed to do so.

The petitioner's summary motion states that his convictions under 18 U.S.C. § 924(c) for using a firearm during a "crime of violence" are invalid in light of *Johnson*. Specifically, the predicate "crime of violence" to support his convictions was Hobbs Act Robbery, 18 U.S.C. § 1951, and he argues that Hobbs Act Robbery no longer constitutes a crime of violence under *Johnson*.

After the petitioner filed his § 2255 motion, the Seventh Circuit held that *Johnson*'s holding extends to and therefore invalidates the residual clause in § 924(c), meaning § 924(c) convictions predicated on a crime of violence under § 924(c)'s residual clause were invalid. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, the Seventh Circuit also held that that Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)). Therefore, even though *Johnson* invalidated § 924(c)'s residual clause, Hobbs Act robbery remains a crime of violence

under § 924(c)'s force clause, and the petitioner's convictions under § 924(c) remain valid. For this reason, the petitioner in not entitled to habeas relief.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:07-cr-00164-LJM-KPF-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/13/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON BANKS
08656-028
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov