UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-164-TWP-TAB-01 |
| v. | |
| BRANDON BANKS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cr-00164-TWP-TAB |
| ) | |
| BRANDON BANKS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

This matter is before the Court on Defendant Brandon Banks' ("Mr. Banks") Motion for Compassionate Release, in which he seeks a sentence reduction under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 174.) Mr. Banks seeks immediate release from incarceration or, alternatively, a sentence reduction of unspecified length.[1] (*See* Dkt. 220.) For the reasons explained below, his motion is **denied**.

### I.    BACKGROUND

In 2008, Mr. Banks was indicted on seven counts of armed robbery and seven counts of brandishing a firearm in relation to a crime of violence. (Dkt. 69.) At the time, the so-called "stacking" provisions of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(ii) (effective Oct. 6, 2006 to Dec. 20, 2018), provided for a 7-year mandatory minimum sentence for the first brandishing count and a consecutive, 25-year mandatory minimum sentence for each of the other six brandishing counts. So, if convicted of only the seven counts of brandishing a firearm, Mr. Banks faced a mandatory minimum sentence of 157 years in prison. In 2010, Mr. Banks agreed to plead guilty

---

[1] To the extent Mr. Banks asks the Court to reduce his sentence to time served and modify his term of supervised release to include home confinement, (*see* Dkt. 220 at 12), the Court declines to do so for the reasons explained in this Order.

2

to two counts of brandishing a firearm in relation to a crime of violence. (Dkt. 122.) Mr. Banks' binding plea agreement provided for a 32-year term of imprisonment (7 years for the first count and 25 years for the second count). *Id*. In exchange for the plea agreement, the Government agreed to dismiss the remaining charges. *Id.* In April 2010, Mr. Banks was sentenced to a total of 32 years of incarceration and 5 years of supervised release. (Dkts. 131, 135.) Judgment was entered on May 5, 2010. (Dkt. 135.)

Mr. Banks has been incarcerated for almost 14 years, and the Bureau of Prisons ("BOP") lists his anticipated release date, with good-conduct time included, as March 11, 2035.

Mr. Banks filed a *pro se* motion for sentence reduction. (Dkt. 174.) Appointed counsel filed a memorandum in support, asserting that if Mr. Banks were sentenced for the exact same offenses today, and in accordance with the First Step Act's Amendments to § 924(c), he would have already been released from imprisonment. (Dkt. 220 at 9.) Counsel argues it is extraordinary that Mr. Banks has served double the sentence he would have served under today's statutory penalties post-First Step Act. *Id.* Counsel also argues that Mr. Banks has shown extraordinary and compelling reasons warranting a sentence reduction because he needs to care for his brother and wants to care for his sixteen year old son (who is headed down the wrong path). *Id.* at 10. Counsel submitted a letter from Mr. Banks' niece asserting that Mr. Banks' sixty-five year old brother needs 24-hour care, his insurance only pays for a couple of hours of care per day, and his adult children "can only do so much" because they have full-time families and responsibilities. (Dkt. 220-3.)

The Government filed a response in opposition. (Dkt. 224.) The Government's principal argument is that Mr. Banks has not shown extraordinary and compelling reasons warranting a sentence reduction, emphasizing that the changes to § 924(c) are not retroactive and that Mr. Banks

has not adequately supported his claim that he needs to care for his brother and son. *Id.* at 4–8. It also argues that the sentencing factors in 18 U.S.C. § 3553(a) do not favor granting a sentence reduction and that Mr. Banks would be a danger to the community if released. *Id.* at 8–12.

The Government points out that over a six-week period in the spring of 2007, Mr. Banks and three others participated in 15 robberies of various businesses in the Indianapolis, Indiana area. (*See* Dkt. 227 at 5–6.) Mr. Banks does not dispute that he participated in seven of the robberies— either as a driver or a robber. *Id*. In at least three of the robberies, he was armed with a revolver. *Id.* In all of the robberies, firearms (or what appeared to be firearms) were brandished. *Id.* Mr. Banks was ultimately ordered to pay $5,453.19 in restitution to the victims of the robberies. (Dkt. 135 at 5.) Although he was in his early 20s at the time that he committed the offenses in this case, he already had two felony convictions in state court, including a felony conviction for dealing cocaine. (Dkt. 227 at 7–8.) He began committing the robberies in this case less than two weeks after he completed probation for that conviction. *Id.* The Government reports that Mr. Banks' accomplices, Stephan Wilson and Jeffrey Roundtree, are not scheduled to be released until 2022 and 2028, respectively. Accomplice Wallace Powell has been released from prison, but it appears that Mr. Powell never brandished a firearm during any of the robberies. (Dkt. 227 at 5–6.) The Government argues that these § 3553(a) factors weigh against granting Mr. Banks' motion.

In reply, Mr. Banks' counsel asserts that the Court should consider Mr. Banks' rehabilitation when deciding whether to grant a sentence reduction. (Dkt. 225 at 3–4.) He submits evidence showing that Mr. Banks has completed multiple courses during his incarceration, including courses in money management and anger management. (Dkt. 225-2.) He also contends that Mr. Banks has completed the InsideOut Dad program, which is important to him because he wants to break the cycle of recidivism and better connect with his son. (Dkt. 225 at 3.) Mr. Banks submitted a

letter in which he takes responsibility for his actions (both his crimes and his disciplinary record), explains that he has changed his life and matured, and emphasizes that he is no longer the immature 23-year-old who committed these crimes. (Dkt. 225-1.) He explains that is 16-year-old son's mother was killed in 2010, and his son has been greatly affected by his incarceration, is headed down the wrong path, and has no caregiver or any family support besides Mr. Banks. *Id.* He also writes that his mother and father passed away during his incarceration, which has been difficult for him. *Id.*

Mr. Banks' motion for sentence reduction is ripe for decision.

## II.     LEGAL STANDARD

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.'" *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

## III.     DISCUSSION

Mr. Banks argues that he has established extraordinary and compelling reasons for relief because he would likely receive a much shorter sentence if sentenced today. (Dkt. 220.) He contends that he has established extraordinary and compelling reasons warranting relief because

he needs to care for his brother and minor son.  *Id.*  Finally, he argues that the Court should also consider his demonstrated rehabilitative and vocational efforts in determining whether to grant him compassionate release.  (Dkt. 225.) As explained below, Mr. Banks has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A).  Thus, his motion must be denied.

### A.     Change to Mandatory Minimum Sentence and Length of Sentence

Mr. Banks argues that he has presented extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he received an extraordinarily long sentence, as evidenced by the fact that he would face a shorter mandatory minimum sentence if sentenced today.  Specifically, § 403 of the First Step Act of 2018 amended § 924(c). First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018).  Under the amended statute, if Mr. Banks were sentenced today, he would not face a mandatory 384-month sentence.  Instead, he would face a much shorter mandatory sentence.[2]  He argues that the disparity between the sentence he received and the sentence he would likely receive if sentenced today is an extraordinary and compelling reason warranting relief.

The United States Court of Appeals for the Seventh Circuit has recently rejected this argument.  In *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021), the court held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and

---

[2] Mr. Banks, by counsel, argues that he would receive a 7-year sentence if sentenced today.  (Dkt. 220 at 7.)  He contends that, if he received a 7-year sentence, he would have already served enough time to be released.  *Id.*  Mr. Banks does not explain the basis for this argument, but he appears to assume that he would receive concurrent 7-year sentences for his two § 924 counts if he were sentenced today.  But the current version of § 924(c)(1) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D). Thus, it seems possible that Mr. Banks would receive at minimum, a 14-year sentence (two consecutive 7-year terms) if he were sentenced today. Regardless of whether Mr. Banks' actual sentence is 25 years or 18 years longer than any statutory minimum sentence he speculates he might receive if sentenced today, for the reasons explained in this Entry, the Court cannot consider the disparity in determining whether Mr. Banks has presented extraordinary and compelling reasons warranting a sentence reduction.

circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction" because Congress explicitly declined to make the change retroactive. In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at 574. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence. *Id.*

The holding and rationale of *Thacker* foreclose Mr. Banks' argument that the length of his sentence and the fact that he would likely receive a shorter sentence if sentenced today are extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A). Thus, the Court does not consider those arguments in deciding whether Mr. Banks has shown an extraordinary and compelling reason warranting a sentence reduction. *See id.* at 576 ("At step one, the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c).").

**B.** **Other Factors**

Without the argument about the length of his sentence, the Court considers whether the following circumstances constitute extraordinary and compelling reasons warranting a sentence reduction: (1) the need to care for his brother; (2) the need to care for his son; (3) his rehabilitation as demonstrated by his educational and vocational efforts; and (4) all of the circumstances

7

considered together.³ Unfortunately for Mr. Banks, None of these considerations, taken alone or together, constitute an extraordinary and compelling reason warranting a sentence reduction.

First, although Mr. Banks contends that he needs to provide care for his brother and son, neither of these circumstances establishes an extraordinary and compelling reason justifying compassionate release, whether standing alone or in combination with his other proffered extraordinary and compelling reasons. With respect to his brother, Mr. Banks' desire to provide care is admirable, but the desire to care for an ailing sibling is not an extraordinary and compelling reason warranting a sentence reduction. *Cf. United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent). Additionally, others currently provide care for Mr. Banks' brother, (*see* Dkt. 220-3), and while it may be difficult for others to provide care, their ability to do so lessens the need for Mr. Banks to receive a sentence reduction so he may provide care for his brother.

Insofar as Mr. Banks would like to provide care for his son, he has not submitted evidence to establish that he is the only one able to do so. According to Mr. Banks, his son's mother passed away in 2010 and Mr. Banks' parents passed in 2012. (Dkt. 225-1.) While Mr. Banks alleges that his son "has no caregiver or any family support besides me," (Dkt. 225-1 at 2), someone must have been caring for Mr. Banks' son since at least 2012, and there is no evidence or argument that this person is no longer able to provide such care.

---

³ On September 24, 2021, Mr. Banks' counsel filed a notice that several inmates and staff at Mr. Banks' facility were hospitalized as a result of a carbon monoxide leak. (Dkt. 229.) Mr. Banks does not allege that he was harmed by this leak, nor does he explain how this leak impacts his request for a sentence reduction. Mr. Banks also contends that the Delta variant of COVID-19 supports his request for a sentence reduction. *Id.* He does not argue, however, that the Delta variant constitutes an extraordinary and compelling reason warranting a sentence reduction.

Next, Mr. Banks contends that his efforts at rehabilitation warrant a sentence reduction. (Dkt. 225 at 3.) The Court recognizes that Mr. Banks has pursued many educational and treatment opportunities, (*see* dkt. 225-2), and it applauds Mr. Banks for his efforts at rehabilitation. However, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t). While Mr. Banks' efforts at rehabilitation are admirable, they are not so extraordinary or compelling as to tip the balance in favor of finding extraordinary and compelling reasons warranting relief when considered in combination with his desire to care for his brother and son.

The Court recognizes that if a defendant shows an extraordinary and compelling reason warranting a sentence reduction, then the Court may properly consider the change in law when considering the sentencing factors under § 3553(a). *See United States v. Hudson*, 967 F.3d 605, 609-13 (7th Cir. 2020) (concluding that a court may consider new statutory minimum or maximum penalties, current guidelines, and post-sentencing conduct when determining whether the § 3553(a) factors warrant a reduced sentence under § 404 of the First Step Act). The Government presents a strong and compelling argument that § 3553(a) factors do not weigh in favor of release, but because Mr. Banks has not presently shown extraordinary and compelling reasons warranting a sentence reduction, the Court need not consider whether the § 3553(a) factors warrant relief.

## IV.    CONCLUSION

For the reasons stated above, Mr. Banks' Motion for compassionate release, Dkt. [174], is **DENIED**.

**SO ORDERED.**

Date: 10/8/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Terry Tolliver
BRATTAIN MINNIX GARCIA
terry@BMGIndy.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov